We'll proceed to the next case, Cantwell-Cleary, Co., v. Cleary Packaging, and I guess we'll hear first from Mr. Fasano. Good morning, Your Honor. May it please the Court. When Congress enacted the Small Business Reorganization Act of 2019, it dramatically transformed the statutory framework of Chapter 11 for small businesses based on pre-existing models of reorganization available to family farms in Chapter 12 and to individuals in Chapter 13. In doing so, Congress recognized that for a small business, there is such an identity of interest between the business and its shareholders that traditional Chapter 11 rules were illogical. There are four important differences relevant to this case between traditional Chapter 11 and sub-Chapter 5. First, there is no longer an absolute priority rule, just like in Chapter 12 and Chapter 13. That means shareholders can keep their equity in a corporation without putting in new value or paying all creditors in full. This is hugely important and, as this Court has said, represents a sea change from the prior practice. Is Chapter 5 set up the same way as Chapter 12 is for farmers and fishermen? Chapter 5 takes some provisions from Chapter 11, which are set forth in 11 U.S.C. 1181, and it says certain provisions of Chapter 11 do not apply. And one of the provisions it says does not apply is 1141d, which governs the discharge for confirmed plans of reorganization. When there is a non-consensual plan of reorganization, Chapter 5 includes Section 1192. And 1192 is the exact same language as Chapter 12, taken from Section 1228 of Chapter 12. Is there any indication when the Act was passed that Congress intended that small businesses and farms and fishermen would be treated alike? Yes, Your Honor. I believe that the Act was created based on Chapter 12 as a framework. Chapter 12 has been the sole framework whereby a debtor can reorganize without having the absolute priority rule. So you're entitled to keep your farm without paying all creditors in full. And so when they tried to make Subchapter 5 into a chapter without an absolute priority rule, they took the provisions of Chapter 12 and transplanted them into Subchapter 5 as appropriate. So with no priority rule, it was necessary to add Section 1192. In traditional Chapter 11, you either had to pay all your creditors in full, in which case it wouldn't really matter if you could discharge these fraudulent debts, or you would have to sell the business to New Equity. And New Equity shouldn't be charged with the sins of the prior owners of the company. But without an absolute priority rule, you have the shareholders who committed the misdeeds and are still in charge of the company. But they're only paying pennies on the dollar. In this case, they're proposing to pay two and a half percent of our judgment over five years, and they're keeping all the equity in the company and paying their... Go back to the structural question I was asking you. You said that the Chapter 12 provision, comparable provision, has been construed unanimously, I guess, to exclude discharge of debts of the kind in 523A? That's correct, Your Honor. And that applies to both entities and individuals? Both entities and individuals. And that was the background... And so that's what you're advocating was the intent here, despite the difficult language in 523A? Right. Because the operative discharge provision is 1192, not 523. So 1192 refers to debts of the kind specified in Section 523. That's the same language that's... A debtor in 1192 can be an entity or an individual? It could be an entity or an individual. For instance, 1192 also says you can't discharge debts paid over three to five years. That applies to both an entity and an individual. So that is the... So you're arguing that 1192 is the governing provision which applies to corporations and individuals, and that it prohibits the you would eliminate the introductory language which contains individual debts and just put the description of the types of debts. I wouldn't say I would eliminate it. I think it still applies to insurers. It's a difficult provision. It makes... Judge Harnard wrote a pretty well-crafted opinion here in focusing on that. So I think that's the rub in the case. If that word individual were not there, and your argument, I gather, is that 1192 governs both individuals and corporations by definition, and that it eliminates from discharge debts of the kind in 523A. That means fraudulent-type debts and things like that. Correct, Your Honor. Debts of a kind, not debtors of a kind, specified in 523. You can go to what you were saying. I just wanted to understand the structure in the bankruptcy code. Certainly, Your Honor. This comes up here as a direct appeal from bankruptcy court because there's not much law on it? There's almost no law on this issue. Almost no law. So this would be the first court of appeals decision on it? The first court of appeals, and there's... And you all skipped whatever that provision is? Yeah. Yes, we use... Does it come directly to the court of appeals because everybody agreed to it? Everyone agreed to it, Your Honor. So who decides our jurisdiction? The court here or you all? The bankruptcy judge certified it for direct appeal. I understand. They certified. Then the bankruptcy judge decides the jurisdiction of the court of appeals or the court of appeals decides its own jurisdiction? The court of appeals decides. Well, nobody's briefed jurisdiction. You just told us that everybody's certified. I believe this court... So why were you doing it? Because it's so important? Because... It needs to be decided? Maybe you got an argument to make that it should be heard here. I believe it should be heard here, Your Honor. If this was appealed... I'm glad to hear that.  Thank you, Your Honor. Just to follow up on Judge King's question, you're under 158, right? Yes. And what does it... Does it require... Is it like 1292B where it's certified, and then the court of appeals has to grant permission? Yes. And we granted permission. Yes. So we are here before the court on a properly granted application. So we have a panel that previously ruled that we have jurisdiction here? Yes, Your Honor. Oh, okay. I wasn't aware of that. I believe so, Your Honor. I'm doing... I think that's right. I think there's a... Let's take care of it. I just didn't... Your Honor, I'm about out of time. So I would reserve... I was taking your time. You go... Take another couple minutes. Thank you, Your Honor. Your Honor, this of the kind language, it's the exact same that Congress used in 1141D6, which is how they specifically made 1141D6 applicable to corporations. It's the exact same language as section 1228, which is the language that they use for family farmers. There's two cases on 1228. They've been briefed in our papers, the Breezy Ridge case and the JRB consolidated case. And what those cases say is, first, you look at the specific chapter, specific discharge provision, which in this case is 1192. And that applies to both corporations and individuals. And then once you've determined whether or not that applies, then you would look at section 523. But 523 is just the exception for individuals to 1192. The operative provisions of 1192 say that debts of a kind specified in section 523 are non-dischargeable. And so we believe that if you had not included 1192 to the preamble to 523, every individual debtors lawyer in the country would say, hey, I've got an individual. They can get rid of all this fraud debt now. So they had to include it for that reason, even though it's redundant with the provisions of 1192. And this argument about superfluousness, I don't really think it makes sense. Well, just let me pose the argument, I think, that the other side will present and that the bankruptcy judge did. The argument would be debtor in 1192 is both business and individual. And it accepts from discharge debts of the kind in 523A. 523A defines debts of individuals relating to fraud. And so they would include the limitation, individual's limitation, and read that back into 1192. I think that's the argument. Well, I would just point the court to 1141d6, which specifically applies to corporations and uses that same debts of a kind language to make 523 debts applicable to corporations. It's the exact same language. And it's the exact same language as is in 1228, where the case law has been held to apply to corporations trying to discharge debts under section 523. So what do you make of the kind language? What do you think it means? I think you said this earlier in your argument. When a corporation commits a fraud, or in this case, an intentional tort of the kind specified in section 523, so this is a tortious interference case, that would be of the kind specified in section 523 because an individual could not discharge that type of debt. So it doesn't relate to who did it? It does not. Or what they did. That's correct. It modifies the term debt, not the term debtor. Your Honor, if the applicability of... Well, you know something? Your hesitation reminded me. I gave you two minutes, so we're now almost four minutes. I apologize, Your Honor. We've got more time, but we'll get you back. Thank you, Your Honor. Sure thing. Mr. Bramman, I think you're up next, right? Well, may it please the Court, Robert Bramman for the United States, appearing as amicus on behalf of the appellant. I agree with the arguments ably laid by... You represent the Bankruptcy Department of the United States? I'm with the Tax Division of the Department of Justice. I'm pulling your leg a little bit, but I understand. Thank you. The United States is the biggest creditor in bankruptcies. Was the Department of Justice involved in the drafting of this legislation? Did it come over from Congress to get your approval? I don't know. Not to my knowledge, but that's not something I would normally know about. The legislative history is fairly sparse on a lot of the bankruptcy amendments. Why was the whole 2019 changes made? It looked to me like they were trying to carve out small businesses to be treated like farmers and fishermen. I may be wrong on that. Is that what's revealed or not? It seems like they were trying to carve out for small businesses a more streamlined form of reorganization like they had previously for farmers and fishermen. Our view is that Judge Harner simply used the wrong interpretive tool to try to figure out what Congress had done, the Small Business Reorganization Act. Her opinion reflects that she thought that 1192 actually could stand for exactly what the creditor in the United States think it stands for, that the discharge exceptions apply to all types of debtors. But then she pulled out of the interpretive toolbox this provision, this intent to find that every word means something, and applied it to the conforming amendment that added 1192 to that lead-in language of 523. That's a provision that already lists all the other discharge provisions in the bankruptcy code under 7 and 12 and 13 and 11. So it's appropriately described as a conforming amendment, which was how it was classified in the bill. The bill includes that amendment as part of, I think it's section 4, all the other conforming amendments, not one of the substantive provisions of New Subchapter 5. Let me ask you, I'm not fully aware of the whole bankruptcy code, but is there any provision in the bankruptcy code which allows for the discharge of fraudulent debts? In other words, would this be, if we affirmed, would this be the first place in the bankruptcy code that we allow for the discharge fraudulent debts? No. In a traditional Chapter 11, corporations can discharge fraudulent debts. But that expansive discharge provision works with the absolute priority rule, so that holders of claims that otherwise would be dischargeable are protected because, under the absolute priority rule, those creditors are going to be paid in full, or they're going to vote in favor of the plan because they see it as a viable option for getting paid, or else equity is going to be canceled, in which case there's a compelling rationale for having exceptions to discharge. Are there exceptions in 1141 that apply in general reorganizations? Maybe I got the wrong provision. Yes, yes. Under, I think it's in the 523 list, are some debts incurred through fraud. Under 1141d6, debts incurred through fraud to the government are not discharged, even under traditional Chapter 11. I think you hit on what I was thinking about. Okay. So, but to, if I could just build on that for a second, because I think it's an interesting point. Absent the priority rule, which certainly I understand, because what you have is, I mean, the discharging by the priority rule of all the assets, are there rules that allow, um, return of fraudulent debts? I'm still not quite sure I understand that. In other words, you can make a claim for fraudulent debt that will be honored? Debts that have been incurred through fraud can be discharged by corporations in a traditional Chapter 11. But that's because of the priority rules, really? Yes. Okay. After that. In Subchapter 5, with the absolute priority rule abrogated, made sense for Congress to bring back the discharge exceptions, including for fraud. Can we answer the question? I think so. Without the, you can tell I'm not a bankruptcy lawyer, judge, but without the priority rules, is there an ability to discharge a fraudulent debt? Uh, in the bankruptcy code, maybe. Have you answered that already? Try me again. The 523 list, as it applies to individuals, includes a number of debts incurred through fraud. And so those are generally accepted from discharge for an individual. Yes. But they're generally allowed for reorganizing corporation in connection with absolute priority rule. In connection with the priority rules. But I'm saying if you don't have any priority rules, is there somewhere in the code when you can discharge fraudulent debt? I don't know of another way to discharge fraudulent debts other than what we've both been talking about. Okay. Thank you. How much taxes has the government got at stake here? In this case, I don't know. We were not involved in this case. I'm not talking about this case. You say you're in it because government collects a lot of taxes. A lot of debtors. How much does the government have at I don't have any idea. You've got a bundle of money at stake, you think? We have very many debtors going into bankruptcy with unpaid tax liabilities. No idea. And frequently, they're not dischargeable, not because they're fraudulent, but because they're recent. That's the most common. The IRS, of course, is an involuntary creditor. So we're not in a position to shut businesses down as soon as they miss a payment. So we're frequently last on a creditor's priority list of who to pay. For that reason, tax debts are frequently not dischargeable just because they're recent. So you may not know right now, but historically, and things may be different because of the pandemic, but can you give us an estimate for five years ago? I cannot at all. No. Okay. I'm sure it's a very large number. A very large number. Yes. How many numbers? How many information available somewhere? I believe it probably is. Yes. I was just trying to help the court interpret a new statute. Right. Okay. Are there any more questions for me? I'm out of time. Excuse me while I take this thing. All right. I guess we'll hear from Mr. Sweeney now. May it please the court. Paul Sweeney on behalf of the Debtor at Play. I'd like to respond first with a response to Judge King's question. Why are we here? This is a big deal. The number of tools that we have at our disposal as bankruptcy attorneys are limited. And what Congress passed here is a small business tool. It's not Chapter 12. It is part of Chapter 11. It is a small business tool. I know, but when I ask questions about the farmers and fishermen, the structure is somewhat the same. They're not thrown into the category of Chapter 11. And basically, small businesses don't have the resources and have to give up farms and this type of thing. Congress wanted to treat them in a more streamlined fashion, I gather. And so I was just thinking or suggesting based on the argument that maybe 1192 is intended to be parallel to Chapter 12. Are they distinct in terms of policy? There are parallels, Your Honor, for sure. But there's limited parallels. Chapter 12 is a fisherman and farmer provision to reorganize family farms primarily. And this tool is more universal. And that's why it falls more properly within Chapter 11. But the reason why it's important is the expense. And I think both briefs have informed the court about the legislative intent. And that is to get a provision of Chapter 11 that allows the middle market, the moms and pops, to not close their doors. And I think that that rationalizes, in addition to Judge Harner's well-reasoned opinion, why the Code says what it says. Because this allows a business to pay its debt, including to the federal government, including the taxes, rather than liquidating and giving up. It keeps the businesses open. It keeps small-town employers employing people. And it handcuffs them. This is not perverse. This is not as the government and Mr. Fasano would argue to the court. What would we do? Shall you close those businesses and pay them nothing? That makes no sense. This statute actually makes a tremendous amount of sense because it allows, over five years, in a crammed-down situation where the creditors don't consent, golden handcuffs. You are handcuffed to a sub-five trustee. But, you know, all of that I understand. But the question is whether, in setting up something special for small businesses, Congress intended to exempt fraudulent debts, discharge fraudulent debts. And they clearly said you can. And so now, as a matter of policy, they don't want the small businesses to be able to discharge fraudulent debts to the extent that they specified in 1192. And so the whole question here is not whether they're going to allow the discharge of fraudulent debts. Congress said no. It's just a question of how broad that scope is. Does it go to both corporations and individuals? And 1192, of course, doesn't make a distinction. But 523 does make a distinction. So I'm not sure you're addressing as how small businesses are benefited and so forth lends much credence to what Congress intended. As you know, bankruptcy is an equitable procedure. You come into court with clean hands. And as an ultimate policy matter, it'll give you a new start, but not a new start from fraud, as a general matter. And so the question is, how far did Congress go in this particular provision? And I think that's a statutory construction question. I think it is too. And I think what Congress did here, it is important to note individuals and business entities can use subchapter five. And therefore, it's not, it doesn't fit perfectly into the chapter 12 family farmer provisions. It does have to adopt a more global presentation. And you cannot escape as an individual. You're an individual and you file a sub five bankruptcy with business debt over 50%. Then you will be subjected to section 523a. Because 523a has the preamble and this mom and pop operation that has fraudulent debt, I cannot discharge fraudulent debt, but the mom and pop operation, I mean, I can, but the mom and pop operation that has an LLC behind it can't. If you think that argument, but yes, that's the argument. And it doesn't make any sense because you can discharge fraudulent debt to answer an earlier question in chapter 11, just normal chapter 11. Yes, they're in title five, subchapter five. We're addressing that. In other words, this is a recent provision. I don't think there's a single circuit court that's addressed it. And I think getting behind what Congress intended is probably pretty good. But I think if you approach it and with 1192 and then go to 523, you may get one answer. If you start with 523a and go to 1192, you may get another answer. Well, I argued in front of Judge Maria Ruark in the satellite restaurants case, Crab Cake Factory. She found the same way as Judge Harmon. Now that decision was mooted because the case was later dismissed. The case did not successfully reorganize. Does, do you agree that the answer might turn on what the phrase of the kind in 523a means? I don't. I think it's because we don't rely on that. The statute under 523 clearly refers back to individuals. No, I'm talking about 1192 says of the kind. Correct. They didn't say as provided in 523. They said that's of the kind. So the question, do you think that that might be a key provision to look at in interpreting this? Congress wrote what it wrote and it referred us back to 523a. One of the decisions, Hawker Beechcraft, talks about looking at the punctuation, looking at the grammar of that situation. And when you're referring directly back to the biggest statute that deals with this dischargeability, 523, it tells you that that provision applies to individuals. If Congress intended to be specific. They didn't say refer to the provision. They talked about depth of the kind. And those kinds, so the question is the breadth of the term of the kind. And my reaction to that is you must look at the language, the clear language of 523 when you're trying to understand what the depths of a kind are and depths of a kind that relate to individuals. And I don't think you go beyond that statutory clear interpretation because otherwise you're going to throw away the preamble that makes it focus on individuals exclusively. Back to this structure, I was talking about the fact that it's not an absurd result. To the extent that a fraudster comes in, has a tax debt, has a willful and malicious injury, and it's a corporation, this still makes sense. Now, I would disagree and there is no tax debt. The Cleary packaging case is really driven by Mr. Fasano's $4.7 million judgment. And we have to treat that in the Chapter 11. But what can be done in that instance? The IRS is not powerless and Sub 5 is not powerless. In the provisions of Sub 5, you can remove the bad debtor for fraud, both pre-petition and post-petition, gross mismanagement. The Sub 5 trustee can then kick out the debtor in possession. And if it's that bad, there are plenty of tools in the toolkit, both for aggrieved creditors and for tax debt to resolve this issue. But if the confirmation completes and the debtor provides for a payment over three to five years, those golden handcuffs commit them to every penny of disposable income the next three to five years. So it is not unjust that a corporation actually pays its debt rather than goes Chapter 7 and liquidates. And those individuals, I think it's important to think in the context, those individuals still remain liable if they file a fraudulent tax return, which is the example here under 1141 D6, those individuals will still have a price to pay. They're not out of the woods just because their corporation is going to pay that tax debt. There may be criminal ramifications for a false tax return. They may be held 100% liable as a discharge. Well, they have other remedies. And that absolute denial is not just a bankruptcy court discharges the government's tax debt. You think the government can then collect it? What I'm saying is there's other avenues. It is not that egregious to the extent that there's a fraudulent tax return and somebody has a small corporation and they commit tax fraud or they just whatever and the government says they don't want that discharge. You're saying that they can get that money elsewhere after it's been discharged? They can if there's another responsible party, yes. I'm talking about the debtor. No, debtor is free and clear. After five years of paying every penny, this provision gives them a discharge. But it's also important to remember, if it's a consensual plan, the discharge is entered upon the confirmation order. It's by consent. If we use 1191B, which is a crammed down provision, they don't get that discharge. That discharge only comes at the end once they've paid all of that net disposable income over three to five years. And that is a big distinction that hasn't been pointed out in the briefs. But in preparing for today, that is a major difference that does not make the result absurd or perverse. It actually makes tremendous sense. You have somebody who is locked in and must. I would think it would be just the opposite. What's the reason for allowing a discharge on a crammed down and not allowing it in a voluntary? In other words, the question is, what's the whole reason for 523? Well, the reason for the delayed discharge of the 523, the reason for 523 is we don't want to give a discharge bankruptcy benefit to somebody who's committed a fraud. That's true. And that principle resonates throughout both state law and bankruptcy law. But there are exceptions. There's an exception in Chapter 11. There's an exception in Sub 5. And to the extent that you do what you're told, and you pay your net disposable income, and you are working very closely with a Sub 5 trustee for the next five years, making sure you pay that, you're paying the price to get that discharge once you're finished, only once you're finished. And if you don't finish, the discharge is not entered. So you've got to commit yourself under this Sub 5 structure for three to five years. And it's very compelling. And it encourages business. Does your plan in this case call for the full payment of the $4.7 million judgment? It does not. It provides what the statute provides. I know. But you were just arguing that the rationale for this was that there would be a full payoff in five years and no way to be hurt. But now you're saying in this case, the plan doesn't provide for a full payment of the $4.7 million. What I'm saying is it provides for full payment of the net disposable income. So after the expenses... What about what happens to this debt, $4.7 million debt, at the end of five years? It receives every penny of net disposable income. It's better than a garnishment. It's better than an attachment. It is better than any of the state court collection remedies. You are handcuffed to a payment program that has to pay every penny. So the absolute owner, he gets a salary. He gets no distributions. He has to just commit himself to paying this off over the next five years. And that's not unreasonable. He's discharged from a debt that is large and that is arising from tortious misconduct. That is correct. It could be worse. It could be better though. And to the point, back to Judge King's question, why is this so important? Because if you don't allow some pressure relief valve, you're just going to close these businesses. You're not going to have reorganization. You're not going to save the small town businesses. Has that been the experience with respect to farmers and fishermen? You know, the farmers and fishermen, the Chapter 12 cases are... My question is whether the experience is that it's going to cause the loss of farms and the fishermen. I would think just the opposite. It does give an opportunity in Chapter 12, like Sub 5, to preserve those businesses. For the same reason, do we want to shut down family farmers because they had a bad crop? Do you want to shut down... But yet under farmers and fishermen, we don't let them discharge fraudulent debt. I believe those cases are wrong. I do not agree with them. I do not believe with the Breezy Ridge decision, and I do not believe with the JBJ decision at all. How long has Chapter 12 been in place? Chapter 12, that's a good question, was in place 30 years ago, 33 years ago when I started. So I know that much. Do you think these decisions, based on 20, 30 years of experience, they're just wrong? No. I think that the analysis engaged in by those judges in Georgia and Texas is not correct because the debts of a kind language that we get hung up on. Have any judges gone the other way, the way you'd like to go under Chapter 12? I've found none under Chapter 12, but I've had two good decisions, and now the decision out of Idaho by Judge Hillen, who also found the same way as Judge Ruark. So those cases, I think they recognize what the entire purpose was of the SBRA. Has any other Court of Appeals addressed this issue, to your knowledge? No. I checked this morning, and there are no new cases. Nothing. This is the first case. I think it's a very important decision to make sure that, especially in difficult times, there are remedies that can be used. The Chapter 11 discharge has been around forever, since the 1898 Act, when, for the first time, America had a real national bankruptcy law that dealt with not just liquidations, but reorganization and the discharge, the forgiveness of debt, and allowing companies to continue in business because that American model allows us to keep going. And there's a reason why it's in the Bankruptcy Clause, Article 1, because bankruptcy laws are so incredibly important to our economy and the Federalist system that they envisioned promotes those businesses and doesn't resort back to debtors' prisons and just straight liquidations, which puts no money, generally, back in the and I think it's successful because it pays money where no money otherwise would be paid. Your Honor, in the interest of allowing my brethren more time, I'm open to other questions. Thank you, Mr. Brannon. Excuse me, Mr. Sweeney. I think the only other person on deck is Mr. Lozano. Is that right? Thank you. Your Honor, I asked Mr. Sweeney, which statute should you look at first, 1192 or 523? And I think you have to look at Section 1192 first, because that is chapter specific and it should govern over the general statute of 523, which applies throughout the Bankruptcy Code. But if you were to look at 523 first, you would see that it only by its terms applies to individuals. And then when you look at 1192 and you see the reference to 523, there would be no need for that reference if it only applied to individuals. The reason it would be there would be to make it to apply to corporations. Well, just to play devil's advocate, what would be implied would be 1192 applies generally to corporations and individuals because they're defined as debtors, except to the extent that individuals have incurred fraudulent debt. That would be the implied term in there. But then you would have no reason to say of the kind is probably a pretty important term to consider. Right. And that's the of the kind language that's been held to apply to corporations in traditional Chapter 11 and in for corporate Chapter 12 cases. Chapter 12 is the, to answer Judge Motz's questions, Chapter 12 is the only chapter of the Bankruptcy Code that doesn't have enough, that doesn't have an absolute priority rule, but which corporations can file. So that's why the Chapter 12 law is so important is because that's the only chapter that has that statutory framework that this new subchapter is applying to small businesses. Mr. Sweeney said, talked about at great length, the downside of holding these types of debt non-dischargeable, asking what his client could do. Well, there's a lot of things that his client could do if they're truly seeking to reorganize. One thing they could do is propose a Chapter 11 plan that pays more than two and a half percent of our claim over five years. That might get them there. The other thing they could do is convert to a traditional Chapter 11. Subchapter 5 is purely voluntary, but if they convert to a traditional Chapter 11, they would have the traditional discharge under Section 1141, but they would have to subject their client to potential competing plans of reorganization filed by creditors, and they would have to instead, they filed under Subchapter 5. They're not going to be able to confirm a consensual plan, and because they're not going to be able to, 1141d simply does not apply in this case. 1141d is excluded by operation of 1181c. We go to 1192, which takes the language of 1228, and which takes the language of 1141d6, which had been held to hold that fraud debts of corporations are non-dischargeable. For those reasons and the reasons in our brief, I believe the Bankruptcy Court should be reversed. All right, thank you. All right, I thank counsel for their arguments. Our practice in the Fourth Circuit is to come down and shake your hands. This sort of an iconic tradition, and we love it, and I think lawyers like it. We're still operating under protocols with the COVID, so we're going to pass at that this time, but I know we're going to see all of you back and shake your hand at that time, but thank you for your arguments, and we'll proceed on to the next case.
judges: Paul V. Niemeyer, Diana Gribbon Motz, Robert B. King